# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2007

Charles R. Fulbruge III
Clerk

No. 07-40065
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LARRY WAYNE LEWIS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:05-CR-44-1

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Larry Wayne Lewis appeals his guilty-plea conviction for felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Lewis argues that the district court abused its discretion in not allowing him to withdraw his plea and that, notwithstanding the district court's ruling on his motion to withdraw his plea, his conviction should be reversed because his plea was not knowing and voluntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion." United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). When determining whether to allow a defendant to withdraw his guilty plea, the district court should consider whether: (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant has delayed in filing his withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343-34 (5th Cir. 1984).

To enter a knowing and intelligent plea, the defendant must have "a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969). "[A]s long as the defendant understands the length of time he might possibly receive, he is fully aware of his plea's consequences." James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995). A defendant's solemn declarations in open court carry a strong presumption of truth. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Lewis concedes that the first, second, third, fourth, and seventh Carr factors are either "neutral" in the Carr analysis or weigh against his being allowed to withdraw his plea. Moreover, contrary to Lewis's assertions, the record establishes that the fifth and sixth Carr factors weigh against his being allowed to withdraw his guilty plea. Accordingly, the district court did not abuse its discretion in denying Lewis's motion to withdraw his plea. See Powell, 354 F.3d at 370. In addition, Lewis has not shown that his guilty plea was unknowing and involuntary such that his conviction should be reversed. See James, 56 F.3d at 666. Accordingly, the district court's judgment is AFFIRMED.